## JENSEN v. UNITED STATES.
### Civ. No. 1722.

United States District Court
D. Utah, Central Division.
Dec. 19, 1950.

King & Anderson, Salt Lake City, Utah, for plaintiff.

Scott M. Matheson, U. S. Atty., Salt Lake City, Utah, for defendant.

RITTER, District Judge.

This is a suit by the mother of a former member of the Women's Army Corps who served during World War II. The suit is brought by her as beneficiary upon a National Service Life Insurance policy. It is

admitted in this case that the girl was a service woman and that the policy was issued to her. It is admitted in this case that she was separated from the service on September 1, 1945 in California. It is also admitted in this case that the premiums were paid on the policy so that the insurance was in effect and in good standing up until the date of October 1, 1945, when the policy lapsed for non-payment of premium. It is admitted in this case that the girl never thereafter in her lifetime paid any premiums on that policy. It is admitted that the veteran at no time in her lifetime applied for waiver of premium. The veteran died on December 17, 1947. And, it is also admitted in this case that within a year after her death her mother, the beneficiary under the policy, did file an application for waiver of premium, and the Veterans' Administration has denied that application.

The questions of law considered in this opinion were raised by the government's Motion to Dismiss and Motion for a Directed Verdict.

The Act of Congress which is applicable to this case permits the waiver of premiums under certain circumstances.[1] That section provides as follows:

"Upon application by the insured and under such regulations as the Administrator may promulgate, payment of premiums on such insurance may be waived during the continuous total disability of the insured, which continues or has continued for six or more consecutive months, if such disability commenced (1) subsequent to the date of his application for insurance, (2) while the insurance was in force under premium-paying conditions, and (3) prior to the insured's sixtieth birthday: Provided, That upon application made within one year after August 1, 1946 the Administrator shall grant waiver of any premium becoming due not more than five years prior to August 1, 1946 which may be waived under the foregoing provisions of this subsection: Provided further, That the Administrator, upon any application made subsequent to one year after August 1, 1946, shall not grant waiver of any pre-

1. Section 802(n), Title 38 U.S.C.A.

mium becoming due more than one year prior to the receipt in the Veterans' Administration of application for the same, except as hereinafter provided. Any premiums paid for months during which waiver is effective shall be refunded. The Administrator shall provide by regulations for examination or re-examination of an insured claiming benefits under this subsection, and may deny benefits for failure to cooperate. In the event that it is found that an insured is no longer totally disabled, the waiver of premiums shall cease as of the date of such finding and the policy of insurance may be continued by payment of premiums as provided in said policy: Provided further, That in any case in which the Administrator finds that the insured's failure to make timely application for waiver of premiums or his failure to submit satisfactory evidence of the existence or continuance of total disability was due to circumstances beyond his control, the Administrator may grant waiver or continuance of waiver of premiums: And provided further, That in the event of death of the insured without filing application for waiver, the beneficiary, within one year after the death of the insured or August 1, 1946, whichever be the later, or, if the beneficiary be insane or a minor, within one year after removal of such legal disability, may file application for waiver with evidence of the insured's right to waiver under this section. Premium rates shall be calculated without charge for the cost of the waiver of premiums herein provided and no deduction from benefits otherwise payable shall be made on account thereof."

The plaintiff claims she is entitled as *beneficiary* to a waiver of premiums under this section. She relies upon the fourth proviso of the foregoing section, which reads as follows:

"And provided further, That in the event of death of the insured without filing application for waiver, the beneficiary, within one year after the death of the insured or August 1, 1946, whichever be the later, or, if the beneficiary be insane or a minor, within one year after removal of such legal disability, may file application for waiver with evidence of the insured's right to waiver under this section."

The foregoing language "with evidence of the insured's right to waiver under this section" refers to the first part of the section which requires that the insured have (1) a "continuous total disability", (2) which commenced "while the insurance was in force under premium-paying conditions", and (3) which continued until the veteran's death. (No issue is raised, and hence for all purposes here it is assumed, that the disability arose after insured applied for insurance and prior to her sixtieth birthday).

The insured did not herself in her lifetime apply for waiver of premium.

## I

The government first contended that Section 817 of Title 38 makes the decision of the Veterans' Administrator as to waiver or non-waiver of premium under 802(n) conclusive and binding upon the court. However, that section has been amended and now provides that in the event of disagreement as to any claim arising under the act, suit may be brought in the same manner and subject to the same conditions and limitations as are applicable to the U. S. Government Insurance under Sections 445 and 551, 38 U.S.C.A.

## II

The government next contends that the word "section" in the clause containing the language "with evidence of the insured's right to waiver under this section", should be construed to refer to the whole section including the provisos placing time limitations upon the insured's application for waiver.

The District Attorney argues on behalf of the Veterans' Administration that if the veteran herself had been alive and had filed an application for waiver of premiums when her mother did, premiums could not have been waived further back than one year, and that, of course, does not reach back to the date on which the policy lapsed for non-payment of premium, namely, October 1, 1945.

In answer to the government's contention, plaintiff relies upon the third proviso of section 802(n), Title 38, "That in any case in which the Administrator finds that the insured's failure to make timely application for waiver of premiums * * * was due to circumstances beyond his control, the Administrator may grant waiver or continuance of waiver of premiums". Plaintiff contends that up to the date of her death the veteran's failure to make timely application for waiver was due to circumstances beyond her control. Hence when she died she had a right to apply for waiver and, therefore, her mother stands in the same position as did she.

It can be seen, therefore, that plaintiff has two strings to her bow:

(a) She contends that the word "section" does not refer to the whole section of the statute including the time limitation in the second proviso thereof, and that she can have a right to a waiver even though at the time of the veteran's death the veteran did not.

(b) On the other hand she contends that if the word "section" is construed to refer to the whole section including the time limitations upon the insured's application for waiver she is still entitled to recover because the insured's failure to make timely application for waiver of premiums "was due to circumstances beyond his control".

Plaintiff's evidence shows that during the veteran's service in the Philippine Islands she contracted Banti's disease, about which medical science apparently doesn't know very much. The disease is characterized by inflammation and swelling of the liver and other internal organs. At the time of her discharge from the service, she was in very poor physical and mental condition. The evidence shows that the ravages of this disease had already begun to take their toll at the time of her discharge, that her skin had become yellow, that she had lost 25 or 30 pounds in weight, that her mind had begun to deteriorate, that she was not able to hold any gainful employment, that she had become morose, morbid and unsocial and avoided all of her friends, that she knew she was dying. In mind, in spirit and in physical health she weakened rapidly. The evidence shows her physical symptoms to have been vomiting, severe pain and cramps in the abdomen and internal organs, nose bleed, loss of weight, jaundice, all accompanied by apparently terrible pain.

The court places most emphasis upon her mental condition.

From this evidence a finding was fairly and reasonably warranted that the failure of the veteran to make timely application for waiver of premiums in her lifetime was due to circumstances beyond her control. This issue was submitted to the jury. The court's judgment that this is a jury matter is based upon Section 817 of Title 38, which provides that in the event of disagreement as to "any claim" arising under the act suit may be brought in the same manner and subject to the same conditions and limitations as are applicable to the United States Government insurance under Sections 445 and 551. By the amendment of August 1, 1946, Congress clearly showed its intention that the question of the right to a waiver of premium should be determined by a court and a jury.

### III

Next the government contends that the language in the third proviso of section 802(n), "the Administrator may grant waiver" shows that Congress intended to give the Veterans' Administrator a discretion to grant or refuse a waiver of premiums where it is claimed that the insured's failure to make application was due to circumstances beyond his control. It is contended that this discretion is not reviewable by a Federal District Court.

Here also it is the judgment of the court that section 817 of Title 38 as amended is controlling. And that the determination of the Administrator is reviewable by a Federal District Court and jury. The court believes that Congress did not intend to vest the determination of that question exclusively in the Veterans' Administrator.

### IV

The only remaining questions are whether the insured had (1) a "continuous total

disability", (2) which commenced "while the insurance was in force under premium-paying conditions", and (3) which "continued for six or more consecutive months", indeed, which continued until the veteran's death.

From the evidence a finding was fairly and reasonably warranted that the veteran was incapable of pursuing with reasonable regularity any substantially gainful occupation, which is the Veterans' Administration definition of "total disability." Similarly, a finding was fairly and reasonably warranted that the disability commenced on or before October 1, 1945, and was reasonably certain to continue throughout the lifetime of the veteran, which is the Veterans' Administration definition of "continuous disability". These issues were submitted to the jury which returned a verdict for plaintiff.

The two principal issues left to the jury in this case, therefore, were (a) whether or not the insured had a continuous total disability between October 1, 1945 and the date of her death, and (b) whether or not her failure to make application for waiver of premium was due to circumstances beyond her control. Defendant's Motions were denied upon the ground that these two issues are jury questions. Both of the issues in this case seem to the court to be jury questions. Both involve jury standards, popular community standards, the kind of standards of conduct which traditionally in our system have been left to juries.

