**BLANCHETTE v. UNITED STATES.**

Civ. No. 764.

United States District Court
D. Maine, S. D.

Jan. 24, 1952.

Charles W. Smith, Saco, Maine, for plaintiff.

Alton A. Lessard, U.S.Atty., Edward J. Harrigan, Asst. U. S. Atty., Portland, Maine, for defendant.

CLIFFORD, District Judge.

This is an action by a beneficiary to recover the proceeds of two National Service Life Insurance policies issued to her husband.

The defendant, the United States Government, interposed a motion to dismiss the above-entitled action alleging that the complaint failed to state a claim against the defendant upon which relief could be granted. The defendant asserts that the facts alleged in the complaint fail to bring the plaintiff's claim for waiver of the unpaid premiums due on the policies of insurance sued upon within the provisions of Section 602(n) of the National Serv-

ice Life Insurance Act of 1940, as amended, Section 802(n) of Title 38 U.S.C.A.

In the alternative, the defendant moves for summary judgment in its favor, pursuant to Rule 56(b) of the Fed. R. of Civ. Proc., 28 U.S.C.A., on the ground that no genuine issue relating to any material fact is raised relative to the lapsing dates of the insurance policies, or the date of the filing of the claim for waiver of the unpaid premiums on the policies. Therefore, the defendant asserts it is entitled to judgment in its favor as a matter of law.

## Statement of Facts

The parties are in complete accord concerning the facts in this case which are fully set forth in the brief submitted by the defendant. These facts reflect that Second Lieutenant Ray Blanchette, the insured, carried two policies of National Service Life Insurance while in the military service, one in the amount of $3,000, under certificate No. N–1868860, effective March 1, 1942, and a second in the amount of $7,000 under certificate number N–11831442, effective June 1, 1943. The two policies were not combined.

The insured had originally designated his father, Alfred Blanchette as sole beneficiary of the entire amount of the insurance. The insured was unmarried at that time. However, he effected a change of beneficiary in favor of his wife, the plaintiff herein, on July 10, 1943, which was ten days after his marriage to her.

Within a very short time thereafter, the insured was hospitalized and remained so up to the time of his discharge from the Army. Detailed clinical records of Army hospitals indicate that the insured received excellent and complete medical attention. Army doctors initially diagnosed his illness as either menieres syndrone or a brain tumor. However, after many laboratory tests and special examinations, his ailment was finally diagnosed as psychoneurosis, mixed type, moderate.

On October 25, 1943, the Army Retiring Board found the insured was incapacitated for further military duty due to his physical condition and recommended his release from active service. He was discharged from the Lawson General Hospital on October 30, 1943, and on November 11, 1943, he was placed on terminal leave and returned to civilian life. He received his final military discharge on January 7, 1944, upon the termination of his leave.

After his return to civilian life, the insured continued to be plagued by severe headaches with nausea and vomiting, dizziness, a staggering gait and decreased hearing. His condition worsened and finally the insured died at a hospital in Portland, Maine, on January 25, 1944, from a cerebellar brain tumor. .

While in the service, the insured had established an allotment, payable from his army pay, one month in advance, on said government insurance policies in payment of premiums. The allotment was discontinued, effective October 31, 1943. Therefore, premiums on said policies were paid through November 30, 1943, and no premiums were paid thereafter. Consequently, the policies lapsed on December 31, 1943. No claim for waiver of unpaid premiums was ever made by the insured before his death on January 25, 1944.

The plaintiff beneficiary made no claim for any government insurance benefits under these policies to which she may have been entitled until March 18, 1949, or over five years subsequent to the death of the insured and over two years subsequent to the promulgation of the Veterans Administration Regulation set forth in 38 CFR 228, 1949 edition, Section 8.40, effective August 1, 1946. On March 18, 1949, she filed an application for waiver of unpaid premiums and a claim for the subject insurance proceeds. The reason given by the plaintiff for her delay in failing to file her claim prior to that date is that she was ignorant of the fact that her husband (the insured) had these government insurance policies of which she was principal beneficiary. It appears from the records contained in the Veterans Administration. Claims folder that the plaintiff was informed of the existence of these insurance policies by a representative of the American

Legion in December, 1948. The records indicate that she did take certain steps immediately after the death of the insured to secure for herself and child benefits, other than government insurance, from the United States Government, to which she was entitled as the unremarried widow of a veteran of World War II.

The records of the Veterans Administration accurately reflect the fact that the plaintiff received from the Veterans Administration and from various service officers of the American Legion, advice and assistance in the preparation and presentment of all claims made known to these organizations by the plaintiff, immediately following notice to them of the death of the insured.

All of the records that pertained to the insured were transferred from the Veterans Administration Facility, Togus, Maine, to the Central office of the Veterans Administration, Washington, D. C. On May 13, 1944, the director of the Dependent's Claims Service sent to the plaintiff a form letter stating that under existing laws the plaintiff might be entitled to pension payments. The form letter further stated that a separate blank application was enclosed because "pension benefits payable will be *in addition* to any life insurance benefits to which you may be entitled." (Emphasis theirs.)

Shortly thereafter, the plaintiff, with the assistance and advice of a service officer of the American Legion, prepared the application form for pension payments sent to her by the director of the Dependent's Claim Service. One question in the application asked whether the plaintiff had filed or was filing a claim for "Government Insurance." Another related question was whether the applicant, plaintiff herein, was named as a beneficiary of any insurance policy of the veteran at the time of his death. Her answer to each question was "No.".

The prepared application was sent to the Dependent's Claim Service by a department service officer of the American Legion on July 17, 1944. An award of death pension was made by the Veterans Administration to the plaintiff at the monthly rate of $50.00, commencing January 26, 1944. An amended award was approved on January 3, 1945, to provide additional death pension benefits to include a minor child, born after the death of the insured.

No further action was taken by the plaintiff until late in 1948 when the plaintiff was informed by a Rehabilitation Representative of the Boston office of the American Legion that she was the named beneficiary of her husband's government insurance. The American Legion was authorized by the plaintiff on December 22, 1948, to be her representative with respect to this claim. On March 18, 1949, the plaintiff filed an application for a waiver of unpaid premiums accompanied by a claim for the subject insurance.

The plaintiff was advised thereafter by the Boston District Office of the Veterans Administration that her claim must be disallowed for the reason that her application was not filed within the period prescribed by law. Subsequently, the plaintiff appealed to the Administrator of Veteran Affairs, contending that she never knew and was never advised by the Veterans Administration that her husband had the subject insurance or that she was the beneficiary thereof, "during the period when timely application could have been made, and therefore it was impossible for her to be in a position to make claim." On June 14, 1950, the Board of Veterans Appeals, in denying her claim, held that ignorance of the above-mentioned matters was not sufficient to extend the time limit for the filing of an application for a waiver of unpaid premiums and that the action of the agency of original jurisdiction in denying the claim was proper for the reason that the requirements of the applicable law and regulations had not been met.

## Issue

The only issue before this Court is whether a waiver of premiums is precluded, as a matter of law, since admittedly, no premiums were paid on the policies subsequent to December 1, 1943, and no applica-

tion for a waiver of premiums under the provisions of Section 602(n) of the National Service Life Insurance Act of 1940, as amended, (38 U.S.C.A. 802(n), was filed until over a year after the insured's death on January 25, 1944, and over two years after August 1, 1946.

The plaintiff contends, in this case, that she never knew and was never advised by the Veterans Administration that her husband had the subject insurance or that she was the beneficiary thereof during the period when timely application for waiver of unpaid premiums could have been made, and, therefore, the prescribed period for the filing of an application for a waiver of unpaid premiums should be extended.

The defendant, on the other hand, contends that the requirements of the applicable law and regulations have not been met in that there is no provision with respect to ignorance of the above-mentioned matter, and, therefore, ignorance is not a sufficient reason to extend the time limit for the filing of an application for waiver of unpaid premiums.

## Discussion

Section 602(n) of the National Service Life Insurance Act of 1940, as amended, 38 U.S.C.A. 802(n), authorizes a waiver of unpaid premiums in the event of the continuous total disability of an insured for six or more consecutive months, commencing while the insurance is in force under premium paying conditions, subsequent to the date of application and prior to the insured's sixtieth birthday. Also, said section further provides, so far as here material: " * * * That the Administrator, upon any application made subsequent to one year after the date of enactment of the Insurance Act of 1946 (August 1, 1946), shall not grant waiver of any premium becoming due more than one year prior to the receipt in the Veterans' Administration of application for the same, except as hereinafter provided. * * * *Provided further,* That in any case in which the Administrator finds that the insured's failure to make timely application for waiver of premiums or his failure to submit satisfactory evidence of the existence or continuance of

total disability was due to circumstances beyond his control, the Administrator may grant waiver or continuance of waiver of premiums: And *provided further,* That in the event of death of the insured without filing application for waiver, the beneficiary, within one year after the death of the insured or the enactment of this amendment, whichever be the later, or, if the beneficiary be insane or a minor, within one year after removal of such legal disability, may file application for waiver with evidence of the insured's right to waiver under this section. * * *"

The applicable Veterans Administration regulation promulgated effective August 1, 1946, is set forth in 38 CFR 228, 1949 Edition, Section 8.40 as follows: "*Requirements for waiver of premiums.* Upon written application by the insured payment of premiums may be waived during the continuous total disability of the insured which continues or has continued for six or more consecutive months, provided such disability commenced (a) subsequent to date of application for insurance, (b) while the insurance was in force under premium-paying conditions, and (c) prior to the insured's sixtieth birthday: * * * *Provided further,* That in the event of death of the insured without filing application for waiver, such application may be filed by the beneficiary with evidence of the insured's right to waiver under the conditions of this section on or before August 1, 1947, or within one year after death of the insured, whichever is the later; or, if the beneficiary be insane or minor, such beneficiary may file application for waiver with evidence of the insured's right to waiver under the conditions of this section, within one year after removal of such legal disability."

As previously stated, the insured died on January 25, 1944, without having filed an application for a waiver of premiums and no application was filed by the plaintiff-beneficiary until March 18, 1949—over 19 months after August 1, 1947. Under such circumstances, in the absence of a showing that the beneficiary was under a legal disability, specifically, the legal disability of insanity or minority, there is nothing in Section 602(n) or elsewhere in

the National Service Life Insurance Act of 1940, as amended, or in the legislative history thereof, to suggest an intent on the part of the Congress to authorize the granting of a waiver or an extension of the prescribed period for the filing of an application therefor. On the contrary, since the plaintiff is neither insane nor a minor, the plain and unambiguous terms of the statute expressly limit the period for the filing of an application for a waiver by the plaintiff-beneficiary to one year from August 1, 1946, and it is clear that the statutory provisions relating to the granting of a waiver in cases where the Administrator finds that the insured's failure to file a timely application was due to circumstances beyond the insured's control are of no significance in a case where, as here, the plaintiff-beneficiary did not file an application within one year after August 1, 1946. As was recently said by the District Court for the Eastern District of Tennessee in its opinion in the case of Hendricks v. United States, 94 F.Supp. 142, 144: "The right of waiver, under this section of the Act, is not absolute upon total disability but sets up only on application made. Therefore, the application is as necessary an element for waiver as the total disability."

Moreover, with respect to the plaintiff's contention that the prescribed period for the filing of an application for a waiver of premiums was extended by the circumstance that she did not know of the existence of the subject insurance and that she was the beneficiary thereof it is apparent that the language used by the Congress constitutes an absolute bar to the granting of a waiver of premiums in a case where application was not made therefor within the prescribed period except in a case where the beneficiary was insane or a minor.

### Conclusion of Law

The plaintiff, being neither insane nor a minor, having failed to file her application for a waiver of unpaid premiums within the period prescribed by law, it is therefore, ordered, adjudged, and decreed, that the motion to dismiss be and hereby is

Granted.