## AYLOR v. UNITED STATES.
### No. 13692.

United States Court of Appeals
Fifth Circuit.
March 13, 1952.

Henry P. Giessel, George Red and Wm. A. Miller, Jr., all of Houston, Tex., for appellant.

Thomas E. Walsh, Atty. Dept. of Justice, Washington, D. C., Brian S. Odem, U. S. Atty., K. M. Nolen, Asst. U. S. Atty., Houston, Tex., for appellee.

Before HOLMES, BORAH, and STRUM, Circuit Judges.

HOLMES, Circuit Judge.

This appeal is from a judgment for the United States, defendant below, in an action for insurance proceeds brought by Maude E. Aylor, the beneficiary named in two $5,000 National Service Life Insurance policies, issued by the defendant upon the life of Raymond W. Aylor while he was in the military service. The insured was discharged from the Armed Forces of the United States on August 10, 1945. Premiums were paid on one policy through January 6, 1946, and on the other through December 31, 1945.

The insured died on September 4, 1947, without having filed an application for

waiver of premiums. On February 4, 1948, the appellant filed a claim for waiver of premiums under Section 602(n) of the National Service Life Insurance Act, as amended August 1, 1946, 38 U.S.C.A. § 802 (n), upon the ground that the insured was totally disabled from a date prior to the lapse of the policy to the date of his death, and that his failure to make application for waiver of premiums was due to circumstances beyond his control. The Board of Veterans Appeals denied the claim for the reason that the insured was not shown to have become totally disabled as required for waiver of premiums.

At the time of his discharge from the military service, the insured was rated as 30% disabled for pension purposes. Two months later, he was examined by a doctor in connection with an employment application, at which time the doctor found that the insured was suffering from chronic glomerular nephritis; that he was totally disabled; and that, in the opinion of the doctor, the disease affected the patient's mental condition to the extent that he could not always think clearly.

On the trial in the court below, appellant contended that the insured was continually totally disabled from a date prior to his discharge to the date of his death, and that the insured's failure to file a timely application for waiver of premiums was due to circumstances beyond his control. She requested that special issues and instructions on these issues be submitted to the jury, which request was denied and the jury peremptorily instructed to return a verdict for the appellee. The court stated that, although there was some evidence that the insured was totally and permanently disabled, there was no evidence that he was prevented from making a timely application for waiver of premiums due to circumstances beyond his control.

Appellant is here making the same contentions that were made in the case of Jensen v. United States, D.C., 94 F.Supp. 468: first, that under the last proviso of Section 602(n), she, as beneficiary, is entitled to a waiver of premiums even though the right was not available to the insured at the time of his death; second, that up to the time of his death, the insured's failure to make timely application for waiver of premiums was due to circumstances beyond his control, that he had this right when he died, and the beneficiary stands in the same position as did the insured. Thus, the appellant first claims that she had a greater right than the insured had; but, if that contention cannot be sustained, then she seeks to avail herself of the right to claim circumstances beyond the control of the insured just as he might have claimed..

The identical question presented by the first contention has already been decided by this court in Scott v. United States, 5 Cir., 189 F.2d 863, and by the 10th Circuit in United States v. Baker, 10 Cir., 191 F.2d 1004, both of which held that the effect of the last proviso of Section 602(n) was not to give the beneficiary greater rights than the insured had with respect to waiver of premiums, but merely to give the beneficiary more time within which to assert the rights which the insured had. Since, in the instant case, the right of the insured to apply for a waiver had expired upon his failure to make application within the time specified in the statute, unless such failure was due to circumstances beyond his control, the right of the beneficiary expired also.

Thus, we come to the sole remaining question for decision: whether the court below was correct in sustaining the appellee's motion for an instructed verdict on the ground that there was no evidence that the insured was prevented from making a timely application for waiver of premiums due to circumstances beyond his control. The appellant's evidence on this question consisted of testimony by the doctor who examined the insured on two occasions after the latter was discharged from military service; a former employer of the insured; the appellant, who is the insured's mother; and the wives of the insured's two brothers. The doctor testified that he had diagnosed the insured's ailment as chronic glomerular nephritis, a disease which totally disabled the insured, and which affected his mental condition to the extent that he could not think clearly and had an indifferent or disinterested attitude toward living, but that

he was not irrational at the time of the examination, though persons suffering from such disease would become irrational in the later stages of the disease. The other witnesses testified to the effect that the insured took very little interest in life, was always drowsy and tired, did not appear to comprehend the seriousness of his condition, and was generally indifferent to everything, a condition that was contrary to his pre-military personality. There was evidence that the insured had written letters to his mother during the period between his discharge and his death.

In considering all of the evidence on the question, and taking the most liberal view of it, we fail to see that there was sufficient evidence to take to the jury the question of whether the insured was mentally incapable of making an application for waiver of his insurance premiums. See Wise v. United States, 5 Cir., 63 F.2d 307. The facts as to the mental condition of the insured are somewhat similar to those in the case of Jensen v. United States, D.C., 94 F. Supp. 468, though it appears that there was considerably more evidence of mental instability of the insured in that case. While the court in the Jensen case seemingly construed the clause "circumstances beyond his control" to include a condition of health that leaves the patient morose, unsocial, indifferent, and depressed in spirit, it apparently had some evidence of the insured's mental incompetency before it. We think that, in order for an insured person to claim a condition of health as "circumstances beyond his control," it must be shown that he was mentally incapable of making an application for waiver.

Another argument advanced by the appellant is that the defendant cannot avail itself of the failure of the insured to make application for waiver of premiums. The basis of this claim is that the Veterans Administration did not deny the beneficiary's claim for the reason that the insured had not filed application for waiver of premiums, but denied it on the ground that the insured was not totally disabled. We find no merit in this argument. The Veterans Administration could have rejected the claim on the merits or on procedural grounds. Having chosen to consider the claim on the merits and dispose of it on that ground, the agency is not estopped from asserting that the claim was not allowable for both reasons.

Appellant also seeks relief from the trial court's refusal to allow her to appeal in *forma pauperis*. The court's denial was based on the conclusion that there was no substantial question. 28 U.S.C.A. § 1915. We agree with the appellant that, in view of the decision in the Jensen case, there was a substantial question involved in the instant case. Therefore, appellant's motion for permission to appeal in *forma pauperis* should have been, and hereby is, sustained. With this modification, the judgment appealed from is affirmed.

Affirmed.