**Edith VANDVER, Plaintiff,**

v.

**UNITED STATES of America, Defendant.**

**Civ. A. No. 2499.**

United States District Court W. D. Kentucky, at Louisville.

Oct. 4, 1954.

David G. Cates, Louisville, Ky., for plaintiff.

J. Leonard Walker, U. S. Atty., Louisville, Ky., Charles F. Wood, Asst. U. S. Atty., Louisville, Ky., for defendant.

SHELBOURNE, Chief Judge.

This case was tried to the Court September 10, 1953. Evidence was heard on behalf of the plaintiff, defendant introducing no evidence. A stipulation of facts was entered into between the parties on the day of the trial.

From the testimony heard and from the stipulation, the Court makes the following:

## Findings of Fact

1. Plaintiff Edith Vandver is the mother of Jewell Franklin Burns and brings this action under the National Service Life Insurance Act of 1940, as amended, seeking to have paid her the full amount of $10,000, under a contract of National Life Insurance issued to Burns.

2. Jewell Franklin Burns was inducted into the Armed Forces of the United States December 8, 1944, and reported for and entered on active duty in the United States Navy on December 9, 1944.

3. On December 23, 1944, Jewell Franklin Burns applied for a $10,000 National Life Insurance Policy, naming plaintiff, his mother, Edith Burns Vandver, as sole beneficiary. This policy was issued on the date of application December 23, 1944, as evidenced by Certificate No. N–18055517, in the sum of $10,000.

4. The premiums payable under this policy were deducted from the Navy pay of the said Jewell Franklin Burns from the date of application and issuance until December 23, 1945.

5. No premiums were paid on said policy after December 22, 1945 and the policy lapsed by reason of non-payment of premiums on January 23, 1946.

6. The Assured made no application to the Administrator in accordance with the provisions of the Act, for a waiver of the payment of premiums during disability.

7. In July 1945, the assured Burns was admitted to the Naval Hospital at Oakland, California, and on July 7, 1945, a surgical operation was performed and a cancerous tumor was removed from the left lower portion of his chest. His trouble was diagnosed as "Sarcoma, Ewing's".

On the following September 26th, Burns received an honorable medical discharge because of total physical disability and drew disability benefits for one hundred percent disability until sometime in the month of August 1947, when following a series of three physical examinations, the rate of his disability was cut to thirty percent, resulting in a material reduction in the disability benefits.

8. The assured had worked for the American Radiator and Standard Sanitary Corporation at Louisville, Kentucky, prior to his induction into the Navy and on October 1, 1947, he returned to work for that company at Louisville and worked until November 5, 1947 when he was compelled to quit because of his physical inability and entered the Veterans' Hospital at Louisville, Kentucky, on December 21, 1947, where he died January 26, 1948.

9. The soldier was born January 11, 1927 and therefore, at his death he was twenty-one years and fifteen days of age.

10. The assured's disability commenced subsequent to the date of his application for insurance and while the insurance was in force under premium paying conditions and prior to the assured's sixtieth birthday.

11. March 3, 1948, the plaintiff Edith Vandver, as beneficiary under the policy of insurance, filed a formal claim for waiver of premiums because of the alleged total and continuous disability from the date of assured's discharge from the Navy up to the date of his death.

12. Following assured's death, it was determined that his death resulted from cancer, which either was not all removed at the time of the operation or the malignancy had spread by metastasis to the liver and other parts of his body. Between the date of his discharge from the Navy and the date of his death, assured exemplified the symptoms of the spread of the malignancy through his body by his lassitude, easy fatigue and general malaise and finally anemia.

13. Ewing's Sarcoma is one of the most malignant and insidious cancers or cancer-type growths.

The Court makes the following—

## Conclusions of Law

1. Subsection (n) of Section 802 of Title 38 U.S.C.A., a portion of the National Service Life Insurance Statute, as amended, is as follows—

"(n) Upon application by the insured and under such regulations as the Administrator may promulgate, payment of premiums on such insurance may be waived during the continuous total disability of the insured, which continues or has continued for six or more consecutive months, if such disability commenced (1) subsequent to the date of his application for insurance, (2) while the insurance was in force under premium-paying conditions, and (3) prior to the insured's sixtieth birthday: Provided, That upon application made within one year after August 1, 1946 the Administrator shall grant waiver of any premium becoming due not more than five years prior to August 1, 1946 which may be waived under the foregoing provisions of this subsection: Provided further, That the Administrator, upon any application made subsequent to one year after August 1, 1946, shall not grant waiver of any premium becoming due more than one year prior to the receipt in the Veterans' Administration of application for the same, except as hereinafter provided. Any premiums paid for months during which waiver is effective shall be refunded. The Administrator shall provide by regulations for examination or reexamination of an insured claiming benefits under this subsection, and may deny benefits for failure to cooperate. In the event that it is found that an insured is no longer totally disabled, the waiver of premiums shall cease as of the date of such finding and the policy of insurance may be continued by payment of premiums as provided in said policy: Provided further, That in any case in which the Administrator finds that the insured's failure to make timely application for waiver of premiums or his failure to submit satisfactory evidence of the existence or continuance of total disability was due to circumstances beyond his control, the Administrator may grant waiver or continuance of waiver of premiums: And provided further, That in the event of death of the insured without filing application for waiver, the beneficiary, within one year after the death of the insured or August 1, 1946, whichever be the later, or, if the beneficiary be insane or a minor, within one year after removal of such legal disability, may file application for waiver with evidence of the insured's right to waiver under this section. Premium rates shall be calculated without charge for the cost of the waiver of premiums herein provided and no deduction from benefits otherwise payable shall be made on account thereof."

11. The facts of this case are similar to those in the case of McHam v. United States, D.C.S.C., 87 F.Supp. 84, 86. In that case, premiums were paid on the policy through July 31, 1945. The insured died May 22, 1947. He became afflicted with what finally developed to be cancer of the lung and died. He was employed as a baker between July 1945 and December 1946, drawing a salary of from forty-five to fifty-five dollars per week. He was placed in the Veterans' Hospital in December 1946, where he died the following May 22. That case refers to the definition of "total disability" as " 'any impairment of mind or body which continuously renders it impossible for the insured to follow any substantially gainful occupation'." It was there held that the substantially long period of time during which the assured worked did not demonstrate a lack of total disability nor impair the right of the beneficiary to claim under the policy, because the total disability

commenced subsequent to the date of the insured's application for the insurance and while the insurance was in force under premium-paying conditions and prior to the insured's sixtieth birthday.

■ The Court cited many cases in support of the now generally recognized principle that under the National Life Insurance Act the fact that a claimant may have worked for substantial periods of time, during which it is claimed he was totally and permanently disabled is not conclusive that he was not totally disabled, but the question to be determined is whether he was able to follow continuously a substantially gainful occupation without material injury to his health.

Recovery was allowed in the McHam case.

In the oral argument had in this case, counsel for the Government relied upon the case of United States v. Cooper, 6 Cir., 200 F.2d 954, 956, in support of their contention that the failure of the assured to request a waiver of payment of premiums was not due to the mental incompetence alone, is insufficient. The Cooper case was an appeal from the judgment of this Court. This argument was made to refute the argument of plaintiff's counsel that the "insured's failure to make timely application for waiver of premiums or his failure to submit satisfactory evidence of the existence or continuance of total disability was due to circumstances beyond his control". That is one of the contentions of the plaintiff in this case, the above-quoted proviso in the Statute being followed by the further provision "That in the event of death of the insured without filing application for waiver, the beneficiary, within one year after the death of the insured or August 1, 1946, whichever be the later * * * may file application for waiver with evidence of the insured's right to waiver under this section."

It is the conclusion of this Court that the failure of the assured to make application for waiver of premiums on account of disability resulted from circumstances beyond his control, in that

he was mentally incapable of knowing or realizing his condition. He had been accepting and did accept the diagnosis and treatment of the Medical Corps of the Navy and Veterans' Administration from the very inception of this insidious disease until his death.

It is apparent from the evidence that when his rate of disability was reduced by the physicians in the Veterans' Hospital in August 1947 from one hundred percent disability to thirty percent disability, that they failed to recognize the symptoms and the progress of the cancer and failed properly to appraise the extent of his disability.

His foreman at the Standard Sanitary plant, where he attempted to work—James Lyles—has testified that in his opinion he was not able to perform the work.

The following cases seem to me to constitute sufficient precedent for recovery for the plaintiff—

Jensen v. United States, D.C.Utah, 94 F.Supp. 468; Blanchette v. United States, D.C.Me., 102 F.Supp. 311; Sims v. United States, D.C.Tenn., 101 F.Supp. 700 and Makowski v. United States, D.C. Pa., 105 F.Supp. 575. (In that case the insured worked for the Ford Motor Company for a period of five months and twenty-three months and for the International Motor Company for a period of more than two months during the period of alleged disability.) Also Sauer v. United States, D.C.Wis., 119 F.Supp. 137 and Landsman v. United States, 92 U.S. App.D.C. 276, 205 F.2d 18, 22. It is this last-cited case that we think is most persuasive. There, the Court of Appeals for the District of Columbia said the phrase " 'circumstances beyond * * control' " given its fair meaning free or artificial restriction means ignorance of the existence or seriousness or an injury or disease, if the ignorance is in fact beyond control.

■ In that case, the insured consulted the Government physicians as to his symptoms and was guided by their advice. He was not advised by them of any diagnosis of his condition, of the

seriousness of his disease or the extent of his disability until he was on his death bed. That situation substantially exists in this case. Promptly following assured's death, the beneficiary made application for the waiver of payment of premiums which the assured could have made at any time from the date of his discharge from the Navy to his death and which he would have made if he had known the extent and seriousness of his condition.

It is concluded that the plaintiff should recover in this case and counsel may present, on notice to counsel for the Government, judgment awarding to the plaintiff recovery on the policy sued on.