Betty P. HASSEY, Plaintiff,

v.

UNITED STATES of America, Defendant.

Civ. A. No. 1037–N.

United States District Court
M. D. Alabama, N. D.

March 19, 1956.

Judgment Amended May 21, 1956.

George W. Cameron, Jr., Montgomery, Ala., for plaintiff.

Hartwell Davis and Ralph M. Daughtry, Montgomery, Ala., for defendant.

JOHNSON, District Judge.

The above-styled cause, coming on to be heard, was tried by the court without a jury on March 12, 1956. The issues in controversy appear in the order on pretrial hearing entered in this cause on February 21, 1956. By agreement of the parties the cause was submitted for decision on the pleadings, defendant's exhibit No. 1 (veteran's administration file), and stipulated testimony of Dr. Hugh C. Nickson and Mrs. Betty P. Hassey, oral argument being waived by both parties. The court having considered the pleadings and evidence submitted, now makes and enters the following findings of fact, conclusions of law and judgment.

### Findings of Fact

(1) That the court has jurisdiction of this cause.

(2) Herbert Hillery Hassey, Jr., herein referred to as the veteran, entered the military service of the United States Navy as an apprentice seaman on January 18, 1945, and was honorably discharged from the naval service on May 3, 1945, as a result of a finding by a Navy Board of Medical Survey that he was unfit for further service by reason of dementia praecox.

(3) On January 22, 1945, the veteran applied for a $10,000 National Service Life Insurance policy on the five-year level premium term plan, naming his wife, Betty Price Hassey, hereinafter referred to as the plaintiff, as principal and sole beneficiary of said insurance. This application was approved effective January 22, 1945, and assigned certificate number N 18 206 495.

(4) Premiums were paid on the insurance through October 21, 1945, by or on behalf of the veteran.

(5) On August 4, 1945, following the filing of applications in the veteran's behalf for waiver of premiums, the Insurance Claims Council held that the veteran was shown to have been continuously and totally disabled for insurance purposes on and after January 31, 1945, by reason of dementia praecox, hebephrenic type, and that the disability was continuing. Payment of premiums on said insurance was waived effective February 22, 1945, and the veteran advised that it would be unnecessary for him to make further premium payments as long as he

continued to be totally disabled for insurance purposes.

(6) On January 26, 1948, the Disability Insurance Claims Division of the Atlanta Branch Office held a reexamination of the veteran's claim of disability and revoked the previously granted waiver of premiums effective February 21, 1948.

(7) No timely appeal was taken by or on behalf of the veteran from the decision terminating the waiver within the time allowed.

(8) The veteran made a remittance to cover the premium due February 22, 1948. The policy was then continued in force until April 22, 1948, which included the grace period.

(9) No premiums were paid, no waiver granted and no further action taken until the plaintiff filed a second claim for waiver in the veteran's behalf on January 15, 1953, in which she stated that the veteran had been totally disabled since 1945.

(10) On February 3, 1953, the Disability Insurance Claims Division of the Atlanta District Office disallowed the application for waiver of premiums because failure to file a timely application for waiver was not due to circumstances beyond the veteran's control and inasmuch as the contract was not in force on the beginning date of total disability, which they determined to be August 12, 1952.

(11) The veteran died in a veterans' hospital on February 3, 1953. The cause of death was myelogenous leukemia contributed to by a schizophrenic reaction, hebephrenic type of some eight years' duration.

(12) On May 1, 1953, the plaintiff filed a formal appeal from the disallowance by the Disability Insurance Claims Division; this appeal was to the administrator of Veterans Affairs. The Board of Veterans Appeals denied the plaintiff's appeal on July 23, 1953, confirming the decision of February 3, 1953.

(13) On December 18, 1953, the plaintiff filed a formal claim for insurance benefits which claim was denied by the Claims Service of the Atlanta District Office on December 21, 1953.

(14) The court finds no evidence of fraud in the application of insurance made by the plaintiff.

(15) From the time of the veteran's discharge until his death, all correspondence with the Veterans Administration and all applications made to the Veterans Administration regarding any rights, including hospitalization and dental care, were made by someone other than the veteran in the veteran's behalf.

(16) The veteran was unable to follow a substantially gainful occupation subsequent to February 21, 1948, the date of termination of waiver of premium payments.

(17) The veteran attempted to do farming work at various periods but was unable to substantially carry on this work because of mental and physical infirmities. He had a job as a truck driver with Montgomery County, Alabama, from July 1, 1948 until July 18, 1952. However, the court finds the veteran was neither mentally nor physically capable of carrying on any gainful employment and could not perform satisfactorily even the menial task to which he was assigned. On many occasions it was necessary that his co-workers aid him in the performance of his work. The job was no more than an act of charity given the veteran to help him support his wife and child.

(18) The court finds that the veteran was continuously suffering from dementia praecox, hebephrenic type, and was continuously incompetent from prior to February 21, 1948, which was the date of revocation of the waiver, until his death, February 3, 1953. The veteran's incompetency rendered him ignorant of the true condition of his disability.

The court concludes the veteran was, because of this physical and mental condition, entitled to waiver of premiums on the policy in question from February 21, 1948, to his death.

(19) The court further finds the failure of the veteran to make timely application for waiver of premium payments

and to submit satisfactory evidence of his total and continuous disability for insurance purposes was due to circumstances beyond his control.

### Conclusions of Law

■ (1) The determination by the administrator of Veterans Affairs of the question of existence and continuity of disability is not final and conclusive, and in case of an adverse determination or disagreement the United States District Court has jurisdiction of a suit seeking to recover proceeds under a National Service Life Insurance policy. United States v. Roberts, 5 Cir., 192 F.2d 893; Jensen v. United States, D.C., 94 F.Supp. 468.

■■ (2) That the insured veteran was totally and continuously disabled for waiver of insurance premium purposes from prior to February 21, 1948 until his death, February 3, 1953, within the meaning and application of Section 802 (n) of Title 38 U.S.C.A. "Total Disability" means incapability to pursue with reasonable regularity any substantially gainful occupation. Jensen v. United States, supra.

■ (3) The requirements of Section 802(n) of Title 38 U.S.C.A., providing for timely application and submission of satisfactory evidence of the existence and continuance of total disability for waiver of premiums are not necessary when the insured's failure to so apply or submit satisfactory evidence of the existence or continuance of total disability was due to circumstances beyond his control. Aylor v. United States, 5 Cir., 194 F.2d 968; Jensen v. United States, supra; Landsman v. United States, 92 U.S.App.D.C. 276, 205 F.2d 18; Kershner v. United States, 9 Cir., 215 F.2d 737.

■ (4) A mental condition, such as the evidence shows this veteran had, was such "mental incapacity" as to make a failure to timely apply for a waiver of premiums a "circumstance beyond his control" within the meaning of the Aylor v. United States, case, supra.

### Judgment

It is ordered, adjudged and decreed by the Court that the plaintiff, Betty P. Hassey, as the designated beneficiary of the National Service Life Insurance Contract herein sued upon, do have and recover of the defendant, the United States of America, the death benefits payable under the contract in accordance with the terms and conditions of the contract as set forth in the statute and regulations and the available mode of settlement selected by her.

It is further ordered, adjudged and decreed by the Court that the defendant, the United States of America, deduct from the sums now due the plaintiff, as well as all sums which may hereafter be forwarded to the plaintiff under the applicable policy provisions by virtue of and pursuant to this judgment, an amount equal to 10% thereof and that the same be paid to the plaintiff's attorney of record, George W. Cameron, Jr., Tyson Building, Montgomery, Alabama, as a reasonable fee for the services he has rendered to the plaintiff in this litigation.