**Beatrice JAFFE, Plaintiff,**

v.

**UNITED STATES of America, Defendant.**

United States District Court
S. D. New York.
Jan. 8, 1957.

---

12. 70 Stat. 831.

Leon Port, New York City, for plaintiff.

Paul W. Williams, U. S. Atty. for Southern District of New York, New York City, Amos J. Peaslee, Jr., Asst. U. S. Atty., New York City, of counsel, for defendant.

DIMOCK, District Judge.

This action is brought to recover $10,000 on a National Service Life Insurance Policy allegedly in force on the life of Hyman Jaffe by operation of law under the provisions of section 602(c)(3) of the National Service Life Insurance Act of 1940, 38 U.S.C. § 802(c).

The question presented is whether Hyman Jaffe had "incurred a total and permanent disability in line of duty while serving in the Army of the United States within the meaning of section 602(c)(3) 'National Service Life Insurance Act of 1940' ", quoted in the margin:[1]

In substance that section provides that if any person in active service between October 8, 1940 and September 2, 1945, makes application for insurance while performing full military duty and such application is denied solely on account of his condition of health the insurance shall have been deemed to have been granted as of the date of such application if the applicant shall thereafter have incurred a total and permanent disability in the line of duty or died in the line of duty.

The decedent did apply for insurance while performing full military duty and his application was denied solely on account of his condition of health. His death did not occur until after his discharge from the Army so that the only question presented here is whether he had incurred a total and permanent disability at the time of his discharge.

The words "total and permanent disability" in section 602(c)(3) do not appear to have been judicially construed but as used in other veterans' insurance statutes they have received frequent and uniform interpretation. In United States v. Spaulding, 293 U.S. 498, 504, 55 S.Ct. 273, 276, 79 L.Ed. 617, Justice Butler said, "The policy does not cover total temporary disability or partial permanent disability, and does not authorize or permit any payment for physical or mental impairment that is less than 'total permanent disability' ".

[1.] "(3) Any person in the active service between October 8, 1940, and September 2, 1945, both dates inclusive, who, while in such service, made application in writing for insurance while performing full military or naval duty, which application was denied solely on account of his condition of health, and the applicant thereafter shall have incurred a total and permanent disability in line of duty or died in line of duty, shall be deemed to have applied for and to have been granted such insurance as of the date of such application and such insurance shall be deemed to be or to have been continued in force to the date of death of such person. In any case in which insurance deemed to have been granted under this paragraph matures or has matured, there shall be deducted from the proceeds of such insurance the premiums payable thereon from the date of application to the date of incurrence of total and permanent disability in line of duty or to the date of death, if permanent and total disability was not incurred. Any payments on such insurance shall be made directly from the national service life insurance appropriation. The amount of insurance deemed to have been granted under this paragraph, when added to any other insurance in force under the War Risk Insurance Act, as amended, the World War Veterans' Act, 1924, as amended, or this subchapter, shall not in the aggregate exceed $10,000."

The decedent in this case was employed rather steadily but by many different employers for the seven years between his discharge from the Army and his death so that it is impossible to say that he was totally and permanently disabled at the time of his discharge. There are cases, however, where recovery has been permitted despite the fact that the decedent did not meet the literal requirements of the statute. In all of those cases, however, the rule was stated to be, in substance, that where one who works does so at peril to his health he must still be regarded as totally and permanently disabled. Lumbra v. United States, 290 U.S. 551, 54 S.Ct. 272, 78 L.Ed. 492; United States v. Nelson, 8 Cir., 102 F.2d 515; Vandver v. United States, D.C.W.D.Ky., 125 F.Supp. 508; McHam v. United States, D.C.W.D.S.C. S.D., 87 F.Supp. 84.

There was no evidence here that the decedent's condition was such that work would constitute a peril to his health and, indeed, plaintiff's medical expert conceded that he could not with reasonable medical certainty give that as his opinion.

It is perhaps conceivable that the decedent, though ostensibly employed for these seven years, was not really working. There is, however, no room for such a claim here. In at least two instances his employer increased his rate of pay. He had been employed in various positions for at least two years after his discharge from the army before he again sought medical treatment. Whereas in 1946 he was employed in an "on the job training" position at $25 a week, he progressed through a job at $50 a week and at the time of his death held a position in the Post Office which paid almost $72 a week. It is true that his changes of employment and his absences from work were frequent but there is no evidence from which I could conclude that he did not render services in the positions which he held and during the days when he was present.

There is another fatal defect in plaintiff's case. Even if it appeared that the decedent's condition, at some time after his discharge from the army, amounted to total and permanent disability, I cannot find a causal connection between that condition and any ailment from which he suffered during his military service. Proof of incapacity of the decedent after his discharge is important only as indicating incapacity which was incurred during his military service and if we cannot say that the subsequent incapacity was caused by conditions existing during his military service we certainly cannot say that it was incurred during his military service.

I therefore find that the decedent did not incur a total and permanent disability in line of duty.

The parties have agreed upon a stipulation of facts so that it with the foregoing ultimate finding would seem sufficient as findings of fact. If others are desired the parties may submit requests.

Judgment is given for defendant.