## McINTOSH v. UNITED STATES.
### No. 142.

United States District Court
E. D. Kentucky.
July 2, 1953.

William M. Melton and Ward, Melton & Ward, Hazard, Ky., for plaintiff.

Claude P. Stephens, U. S. Atty., and Kit C. Elswick, Asst. U. S. Atty., Lexington, Ky., for defendant.

FORD, Chief Judge.

The plaintiff, Stella McIntosh, seeks by this action to recover the sum of $10,000 under a National Service Life Insurance policy issued to her son, Ray Smith, while he was in the military service of the United States, claiming that the policy, in which she is named as sole beneficiary, was in full force and effect at the time of her son's death on June 1, 1952.

The parties waived trial by jury and the Court having heard and considered the evidence, the cause is now submitted for judgment upon the law and the facts.

The Court having considered the briefs filed by counsel for the respective parties, and being advised, finds the facts specially and separately states conclusions of law thereon as follows:

### Findings of Fact.

1. Ray Smith, son of the plaintiff Stella McIntosh, enlisted in the United States Army on November 12, 1943. He received an honorable discharge from the Army on November 20, 1945. While he was in the military service, pursuant to his application, he was issued National Service Life Insurance policy No. 14,671,270 in the amount of $10,000 effective November 13, 1943, in which the plaintiff was named as sole beneficiary.

2. According to the records of the Veterans Administration, the veteran's application for waiver of payment of premiums on his policy was granted, effective November 13, 1944, upon a finding that the veteran was totally disabled and entitled to such waiver under section 602(n) of the National Life Insurance Act, 38 U.S.C.A. § 802(n).

3. On September 18, 1947, the Disability Insurance Claims Division of the Veterans Administration rendered a decision to the effect that the veteran was no longer totally disabled and accordingly discontinued the waiver of payment of premiums on his policy, effective October 12, 1947. Immediate notice of discontinuance of waiver of premium payments was given the veteran by registered mail, in full compliance with the requirements of Veterans Administration regulation 3442 (28 C.F.R., 1944 Cum. Supp. 10.3442). The notice contained the following statement:

"In order to maintain your insurance in force it will be necessary that you resume payment of premiums. The monthly premium is $6.60 and the due date is October 13, 1947. Premium payments must be made within 31 days following the due date shown above or following receipt of this letter, whichever is the later; otherwise your insurance will lapse.

"You may file an application for review on appeal with any activity of the Veterans Administration prior to the expiration of one year from the date of this letter. Any material evidence you are able to submit within the period of one year or prior to the consideration of the appeal, whichever is the earlier, will receive consideration, but the submission of such evidence will not extend the period in which you may present an appeal. If you do not appeal, the denial of your claim by the Disability Insurance Claims Division is final."

4. The veteran never at any time made application for review of the decision of September 18, 1947, which discontinued the waiver of payment of premium on his policy; he never submitted to the Veterans Administration evidence of his continued total disability; he never in any manner sought to secure reinstatement of the waiver and never resumed payment of premiums on his policy.

5. Soon after the death of the veteran on June 1, 1952, the plaintiff presented her claim to the Veterans Administration and, on August 1, 1952, she was advised by registered mail that at the date of the veteran's death on June 1, 1952, no insurance was in force and accordingly her claim was denied.

6. The proof tends to show that the veteran was, until his death, physically unable to continuously follow a substantially gainful occupation, but he was not wholly incapacitated. He helped his father to build a house and was able to perform considerable work around the house and elsewhere. He owned and operated an automobile.

The evidence is not sufficient to show that the veteran's failure to make timely application for review of the decision discontinuing waiver of payment of premiums on his policy or his failure to timely submit evidence of continuance of his total disability, was due to circumstances beyond his control.

Conclusions of Law.

1. The court has jurisdiction of the parties and the subject matter of this action. 38 U.S.C.A. § 817, as amended.

█ 2. The policy of National Service Life Insurance issued to plaintiff's son, Ray Smith, lapsed 31 days after October 13, 1947, for failure to pay premiums due thereon. 38 U.S.C.A. § 802(n).

█ Physical disability, even if shown to be total, is not sufficient, in and of itself, to sustain plaintiff's claim to continued waiver of payment of premiums under the Act after discontinuance thereof pursuant to Regulation 3442, supra. In United States v. Cooper, 6 Cir., 200 F.2d 954, 956, 957, the Court said:

"The District Court made a close study of the facts of record, leading to the finding that the insured was totally

disabled from some period prior to his discharge to the date of death, but all the assembled facts relied upon point solely to physical disability. Such disability in and of itself is not sufficient to establish waiver of premiums under the Act".

3.   The insurance policy relied upon was not in force or effect upon the date of the death of Ray Smith on June 1, 1952.

4.   Judgment should be entered denying the relief sought by the plaintiff and dismissing her complaint.