## CITY OF ORANGE v. FIDELITY & DE-POSIT CO. OF MARYLAND.

### No. 12950.

United States Court of Appeals
Fifth Circuit.

Mar. 2, 1950.

Rehearing Denied April 5, 1950.

E. L. Reid, Orange, Tex., Charles S. Pipkin, Beaumont, Tex., for appellant.

John G. Tucker, Beaumont, Tex., for appellee.

Before McCORD and BORAH, Circuit Judges, and WRIGHT, District Judge.

WRIGHT, District Judge.

Article 5160[1] of the Revised Civil Statutes of Texas, Vernon's Ann.Civ.St. art.

---

1. "Article 5160. Any person, or persons, firm or corporation, entering into a formal contract with this State or its counties or school districts or other subdivisions thereof or any municipality therein for the construction of any public building, or the prosecution and completion of any public work shall be required, before commencing such work, to execute the usual Penal Bond, with the additional obligation that such contractor shall promptly make payments to all persons supplying him or them with labor and materials in the prosecution of the work provided for in such contract. * * * Provided further, that all claims for labor and material furnished to said contractor, and all claims for labor and material furnished to any contractor shall be itemized and sworn to as required by

5160, provides that all monies due a contractor after completion of a contract for public work must be held by the public authority concerned until satisfactory evidence is submitted showing that all bills for labor and material provided under the contract are paid. Here the City of Orange paid a road contractor, International Engineering Company, in full after completion of its contract but before the ninety days given materialmen under Article 5160 to file their claims had elapsed. Subsequently two materialmen, the Sabine Supply Company and Harding and Lawler, timely and properly filed their claims, and the appellee herein, being the surety on the contractor's bond, was forced to pay the materialmen after International Engineering Company became insolvent. In an action by the surety against the Appellant, City of Orange, the court below held that the City of Orange must reimburse the surety.

The appeal is based primarily upon objections to findings of fact filed by the trial judge. Appellant also argues that since the contract between the City of Orange and the International Engineering Company authorized partial payments up to 90% of the contract price, its liability for non-payment of materialmen's claims cannot, in any event, exceed 10%. Appellant states further that the court below failed to allow credit for the return of certain cement sacks by the contractor to the materialmen. This point, however, was not raised below and will not be considered here. Seaboard Surety Company v. United States, 9 Cir., 84 F.2d 384; Richter v. Hoglund et al., 7 Cir., 132 F.2d 748; Border National Bank of Eagle Pass, Texas, v. American National Bank of San Francisco, 5 Cir., 282 F. 73, certiorari denied, 260 U.S. 701, 43 S.Ct. 96, 67 L.Ed. 471.

Appellant contends that there was a total of 980 barrels of cement used in the performance of the contract; that part of this 980 barrels was cement left over from a similar paving contract for 9th Street, and that the finding of the District Court to the effect that 132.5 barrels of cement were furnished by Harding and Lawler and 847.5 barrels were furnished by the Sabine Supply Company is without support in and contrary to the evidence. It is true that there is some evidence in the record which would indicate that part of the cement used on the 10th Street job was left over from a similar contract on 9th Street. There is also evidence in the record, however, to show that the Sabine Supply Company and Harding and Lawler furnished the entire 980 barrels. Consequently the District Court's finding on this point should not be disturbed. Rule 52(a), Rules of Civil Procedure for the United States District Courts, 28 U.S.C.A.; United States v. United States Gypsum Company, 333 U.S. 364, 394-395, 68 S.Ct. 525, 92 L.Ed. 746.

The contract between the City of Orange and the International Engineering Company provided for partial payments "on estimates certified by contractor and the owner", said partial payments not to exceed 90% of the contract price. The contractor, however, did not take advantage of this provision of the contract because no partial payments were made, the contract being completed in less than one month. At the completion of the contract the entire contract price was due the contractor and Article 5160 specifically provides that "after completion and acceptance of completed project *all moneys* due contractor under said contract shall be held by the State * * * or any municipality until such a time as satisfactory evidence is submitted and affidavits made by the contractor that all just bills for labor and material under this contract have been paid in full by the contractor." (Emphasis supplied.) The

Statutes as to mechanic's lien claims, and such claims shall be filed with the County Clerk of the County, in which said work is being prosecuted within ninety days from the date of the delivery of said material and the performance of said work. * * * Provided further that after completion and acceptance of completed project all moneys due con-

tractor under said contract shall be held by the State or its counties or school districts or other subdivision thereof or any municipality until such a time that satisfactory evidence is submitted and affidavits made by the contractor that all just bills for labor and material under this contract has been paid in full by the contractor."

provision of the contract relating to partial payments in no way limits the effect of Article 5160, which must be read into the contract itself and is binding on the parties. Massachusetts Bonding & Insurance Company v. City of Grapeland, Tex.Civ.App., 148 S.W.2d 1006; Republic National Bank v. Massachusetts Bonding & Insurance Company, 5 Cir., 68 F.2d 445. Likewise Article 5160 does not prevent an owner from making partial payments when his contract so provides. Once a contract is completed, however, Article 5160 requires that all money then due the contractor be held as a trust fund for unpaid labor and material. Instead of holding all the money due at the completion of the contract pending proof of payment of all bills for labor and material furnished on the job, two days after the contract was completed and weeks before the ninety days for filing labor and material claims under Article 5160 had expired, the City of Orange paid the contractor in full without requiring any evidence of any kind as to payment of bills.

Under the circumstances the City of Orange must be held responsible for damages caused the surety on the contractor's bond by the failure of appellant to comply with Article 5160.

Affirmed.