## ASSOCIATES DISCOUNT CORP. v. UNITED STATES.

### No. 14058.

United States Court of Appeals
Fifth Circuit.

Dec. 22, 1952.

Lee B. Agnew and Russell D. Moore, III, Jackson, Miss., for appellant.

Edwin R. Holmes, Jr., Jesse W. Shanks, Asst. U. S. Atty., and Joseph E. Brown, U. S. Atty., Jackson, Miss., for appellee.

Before HUTCHESON, Chief Judge, and BORAH and RIVES, Circuit Judges.

HUTCHESON, Chief Judge.

Intervening in a proceeding to condemn and forfeit an automobile for use in violation of the Internal Revenue laws, appellant, invoking Sec. 3617(b), Title 18 U.S.C.A., sought remission of the forfeiture and the delivery of the car to it.

Its claim to remission was: that it was the owner of a conditional sales contract which it had acquired in good faith and without knowledge or reason to believe that the car was being, or would be, used in violation of the laws; and that, under the invoked section and the facts, it was entitled thereto.

The United States joining issue, there was a hearing [1] and, at its end, a judgment for plaintiff.

Appealing from that judgment, the intervenor is here insisting that the court erred in rejecting its claim on the ground stated because the condition prescribed in subdivision 3 of the section, that there be proof of inquiry, is not presented until "it

[1] In essence, as revealed by the record, this is what occurred:

The district judge opened the hearing by stating:

"* * * it is agreed * * * that the automobile * * * was engaged in violation of the Internal Revenue laws * * *. The question before the court is whether or not a forfeiture should be permitted to the extent of the claim of Associates Discount Corporation, and that is the issue to be heard by the court * * *. On this issue I believe the burden of proof is upon the plaintiff to make the proof * * *".

Thereupon a witness for claimant, testifying to inquiry made by claimant before taking the contract, swore in substance that the inquiry he made was whether

the purchaser or her husband "had any record of violation of the alcohol tax law or any statutes and was advised that they had no record and he approved the credit."

Asked on cross examination if he had inquiry whether they had a "reputation", he answered, "I don't recall that I did. The majority of the time I said 'record' ".

Asked, "You stood on the custom of what they would give out and did not ask them if they had any reputation in dealing in non tax paid whiskey", he answered, "That is right."

Intervenor then introduced another witness but this witness did not testify as to having made inquiry as to "reputation".

appears" that the purchaser has a record as a violator. In support, it points out: that the appeal record contains no proof that this was so; and, that therefore, subdivision 3 did not apply in the case, and it was error to refuse the remission because there was failure to show compliance therewith.

In reply to this contention, the appellee advises us that, while this does not appear in the appeal record, there was a pretrial conference in which it was agreed, that the purchaser had a record, and in effect that the only question to be submitted on the trial would be whether the intervenor was in compliance with subdivision 3.

Conceding that, in the absence of an agreement or proof that the purchaser had a record, the decision of the district judge would be without support in law, it insists that we should accept its statement as to the pretrial and affirm the judgment. It grounds this insistence not on the fact that in the ordinary case it would be permissible to go out of the appeal record, but on the fact that it is quite evident, upon the appeal record as a whole, that the parties and the judge tried the case upon the tacit assumption that the only matter at issue was whether there had or had not been compliance with subdivision 3.

Appellant insists: that we cannot take cognizance of any matter not of record; that the appeal must be determined on the appeal papers; and that on them it should have had judgment. It urges upon us that the judgment must be reversed and here rendered for it.

Appellee, counter attacking in its turn, calls our attention to the fact that just as there is in the record no proof that the purchaser had a record as a violator, so neither is there proof of the fundamental fact required to be proved as a basis for remission, that there was a good faith purchase. It urges upon us, therefore, that the burden being upon the plaintiff to es-

tablish that fact as a prerequisite to remission, the judgment should on that ground be affirmed.

We can agree neither with appellant nor with appellee, for an examination of the appeal record, in the light of its undoubted omissions and the quite evident assumptions with which court and counsel approached the trial of the case, as well as the plainly evident theory upon which the case was tried and decided below, convinces us that the appeal record does not truly reflect the facts. It convinces us, too, that instead of affirming the judgment in favor of the appellee, or reversing and rendering it in favor of appellant, the proper course for us to pursue is to reverse the judgment and remand the cause for a new trial and a new record in which all the facts shall be made to appear.

Reversed and remanded.

Whereupon the court stating, "This is one of the cases where I would like to make a remission if I could, but I don't because the statute has not been complied with", denied the claim for remission on the ground that there was no proof that the claimant had, as required by subdivision 3 of 3617(b), made inquiry as to the reputation of the purchaser.