## GUIHAN v. UNITED STATES.
### Civ. A. No. 12821.

United States District Court
E. D. New York.
March 25, 1953.

Lawrence Wiseman, New York City, for plaintiff.

Frank J. Parker, U. S. Atty., E. D. New York, by Nathan Borock, Asst. U. S. Atty., Brooklyn, N. Y., for defendant.

BYERS, District Judge.

This is a defendant's motion for summary judgment in an action upon National

Service Life Insurance policy No. N-7 404 385, brought by the mother of the decedent.

The moving affidavit sets forth the relevant facts very clearly:

"1. That Walter Thomas Guihan served in the Army of the United States from April 30, 1942 until July 16, 1945.

"2. Effective January 1, 1943, Walter Thomas Guihan was issued $5,000 of National Service Life Insurance under certificate No. N-7 404 385 for which he designated the plaintiff herein as principal beneficiary and his father, John F. Guihan, as contingent beneficiary.

"3. Premiums on said insurance policy were paid by allotment of the service pay of Walter Thomas Guihan through August 31, 1945, and no premiums were paid thereafter; that said policy of insurance lapsed for failure of the insured to pay the premium due September 1, 1945.

"4. That the first and only application for waiver of premiums filed by Walter Thomas Guihan or anyone in his behalf was filed by the Veterans Administration on July 31, 1948, more than one year subsequent to the lapse of the insurance.

"5. That said application for waiver of premiums was denied by the Veterans Administration and that plaintiff died on September 26, 1951, without having secured a reinstatement of said insurance policy."

The opposing affidavit does not controvert any of the foregoing, but by way of avoidance sets forth that the plaintiff brought this action within one year from the death of the decedent in reliance upon the provisions of 38 U.S.C.A. § 802(n), which have to do with the waiver of premiums.

In argumentative form it is sought to be demonstrated, with reference to the lapse of the insurance as of September 1, 1945, that prior thereto the decedent was prevented from filing an application for a waiver of premiums due to circumstances beyond his control, namely, his greatly depleted physical condition caused by tuberculosis.

Seemingly the argument is that the ruling made by the Veterans Administration referred to in paragraph 5 above should be disregarded, and the plaintiff should be permitted to maintain her suit on the theory that her present asserted rights are independent of and should not be confused with those of her deceased son.

No attention is given to the failure upon his part to seek administrative review of that ruling.

Also, she calls attention to the undisputed fact that as of September 10, 1947 the deceased was granted a 100% disability allowance as of July 17, 1945, "which amount was subsequently increased because of the change in the law, to $150 per month and $35 to his dependent parents, and, thereafter, he was given an additional $21 for his wife when he married in May, 1951, so that at the time of his death, he was receiving a total 100% disability allowance of $206 per month." Apparently it is argued that this ruling as to disability for the purpose of allowances, should be regarded as the equivalent of a disability for the purpose of waiver of insurance premiums.

That position is untenable since the two departments in the Veterans Administration are entirely separate and distinct and do not involve common motivation or function. See Weiss v. U. S., 2 Cir., 187 F.2d 610; U. S. v. Cooper, 6 Cir., 200 F.2d 954.

Since the plaintiff relies on a kind of derivative right now to procure a waiver of premiums, it is apparent that the primary right must have been in existence when the suit was filed, but the uncontested facts as above set forth indicate that such is not the case.

It results, therefore, that the defendant's motion must be granted. Settle order.