UNITED STATES of America,
Appellant,

v.

William H. SINOR, Administrator of the
Estate of Clyde Sinor, Deceased, and
William H. Sinor, Appellees.

No. 16025.

United States Court of Appeals
Fifth Circuit.

Nov. 14, 1956.

Rehearing Denied Dec. 12, 1956.

B. Jenkins Middleton, Atty., Dept. of Justice, Washington, D. C., E. Coleman Madsen, Asst. U. S. Atty., Jacksonville, Fla., Melvin Richter, Lionel Kestenbaum, Attys., Dept. of Justice, Washington, D. C., George Cochran Doub, Asst. Atty. Gen., James L. Guilmartin, U. S. Atty., Miami, Fla., for appellant.

Lester Summersill, John E. Teate, Jacksonville, Fla., for appellees.

Before RIVES, TUTTLE and JONES, Circuit Judges.

JONES, Circuit Judge.

The facts which present the problems of this appeal are, for the most part, stipulated. Clyde Sinor had eight years of grammar school and a half year of high school. He worked eight years as a truck driver before entering the armed forces. He became a member of the Air Force on July 9, 1942. On August 1, 1942, he was issued $8,000 of National Service Life Insurance, of which $4,000 was payable on his death to his father, William H. Sinor, and a like amount was payable to his mother, Effie Cantrell Sinor. On June 1, 1943, he was issued an additional $2,000 of such insurance, payable half to his father and half to his mother. His mother died on July 7, 1944. No conventional substitution of an insurance beneficiary was made by the insured. He re-enlisted on November 16, 1945, and as an incident to his re-enlistment he executed a form styled "Designation of Beneficiary" in which his father, William H. Sinor, was named as beneficiary and his brother, Carl Sinor, was designated as strike contingent beneficiary.

While in the service, Clyde Sinor contracted myelogenous leukemia and with it he was afflicted during the remainder of his life. He was discharged from the service at Brooke General Hospital, Fort Sam Houston, Texas, on July 22, 1949. At the time of and at all times after his discharge, Clyde Sinor was rated, for the purpose of a compensation award, as 100% disabled physically. Upon being discharged Clyde Sinor went by train from Fort Sam Houston to Jacksonville, Florida, where he was met at the train by his brother, Carl Sinor, whose assistance he needed in going from the railway station to the brother's home. He stayed with his brother for about three months and then moved to Brunswick, Georgia, where he resided at the home of his nephew, J. C. Sauter, and there he lived periodically for the rest of his life. The nephew's wife was a trained nurse and she assisted in Clyde Sinor's care while he was in the home of his nephew. During this period Clyde Sinor drove his car about alone on his personal business. He made frequent trips to Jacksonville to see his father and his brother, and made frequent visits to Veterans' Hospitals for treatments and peri-

odic check-ups. From the time of his discharge to the time of his death, Clyde Sinor was unable to perform manual labor, he tired quickly and suffered from shortness of breath when he would exert himself. Yet he owned an automobile and was able to drive about alone on personal business. On September 1, 1949, Clyde Sinor was notified that his Government insurance had lapsed for non-payment of premiums. He did not at any time make application for a waiver of premiums during total disability as he might have done under Section 602(n) of the National Service Life Insurance Act, as amended, 38 U.S.C.A. § 802(n). On September 1, 1953, Clyde Sinor entered the Veterans' Hospital at Nashville, Tennessee, and there he died of myelogenous leukemia on October 13, 1953.

William H. Sinor made claim for the amount of the insurance. The Veterans Administration disallowed the claim for the assigned reason that the policies had lapsed. William H. Sinor and Carl Sinor employed counsel and brought suit on the policies. Carl Sinor was dropped as a party. William H. Sinor, as Administrator of the Estate of Effie Cantrell Sinor, deceased, was made a party plaintiff but later was succeeded by William H. Sinor, as Administrator of the Estate of Clyde Sinor, deceased. The plaintiffs' complaint asserted that the determination by the Veterans Administration of the insured's disability was, in effect, a waiver of premiums, that Clyde Sinor was not physically or mentally able to make application for a waiver of premiums because of his condition and so had been prevented from applying for a waiver by circumstances beyond his control. In addition to the facts herein related it was stipulated that neighbors would testify the deceased was able to get around, and appeared normal and rational in his actions.

The District Court regarded the compensation rating of 100% disability as total disability within the meaning of the National Life Insurance Act, supra, so as to entitle the insured veteran to a waiver of premiums. So also the district court concluded the averment of the United States that the insured "was not prevented from filing timely application for waiver of premiums due to conditions beyond his control" was unsupported by proof. The district court held that the regulations, 38 C.F.R., § 8.40, gave to the beneficiary the right to apply for a premium waiver within a year from the insured's death provided such disability commenced (a) subsequent to the application for insurance, (b) while the insurance was in force under premium-paying conditions, and (c) prior to the insured's sixtieth birthday. These conditions, the district court said, were met when William H. Sinor filed his claim for benefits after the death of the insured.

Judgment was entered for the plaintiffs. The United States has appealed and three questions are submitted by it for our consideration. These questions are:

1. Can the beneficiary of National Service Life Insurance obtain a retroactive waiver of premiums for disability of the insured whose right to such waiver has been lost by failure to make timely application?

2. Where it is contended that an insured failed by reason of circumstances beyond his control to apply before lapse for a premium waiver by reason of disability, must the beneficiary prove the existence of such circumstances or does the Government have the burden of showing the contrary?

3. Should the Court have entered judgment for the Government because (a) the facts precluded any possibility that the insured was prevented from applying for waiver of premiums by circumstances beyond his control, or (b) the beneficiary had and failed to sustain the burden of showing that such circumstances existed?

The pertinent provisions of the National Service Life Insurance Act, 38 U.S.C.A. §§ 801–818, are as follows:

"Upon application by the insured and under such regulations as the

Administrator may promulgate, payment of premiums on such insurance may be waived during the continuous total disability of the insured, which continues or has continued for six or more consecutive months, if such disability commenced (1) subsequent to the date of his application for insurance, (2) while the insurance was in force under premium-paying conditions, and (3) prior to the insured's sixtieth birthday: * * * Provided further, That in any case in which the Administrator finds that the insured's failure to make timely application for waiver of premiums or his failure to submit satisfactory evidence of the existence or continuance of total disability was due to circumstances beyond his control, the Administrator may grant waiver or continuance of waiver of premiums: And provided further, That in the event of death of the insured without filing application for waiver, the beneficiary, within one year after the death of the insured or August 1, 1946, whichever be the later, or, if the beneficiary be insane or a minor, within one year after removal of such legal disability, may file application for waiver with evidence of the insured's right to waiver under this section. * * *" 38 U.S. C.A. § 802(n).

The portion of the regulation upon which the district court placed reliance reads:

"That in the event of death of the insured without filing application for waiver, such application may be filed by the beneficiary with evidence of the insured's right to waiver under the conditions of this section on or before August 1, 1947, or within 1 year after death of the insured, whichever is the latter; * * *" 38 C.F.R. § 8.40.

▉ The insurance policies, by their terms and the provisions of the Act, lapsed on September 1, 1949, and of this the insured had notice. More than four years expired before his death. The insurance was not in force at the time of his death unless the beneficiary had and exercised a right to apply for a retroactive waiver of premiums based upon total disability, or unless the insured's failure to make timely application for waiver of premiums was due to circumstances beyond his control. We need not decide whether the filing of a claim upon the policies can be regarded as an application by the beneficiary for waiver of premiums. At the time of his death the insured did not have any right to apply for or procure a waiver. It is for "the insured's right to waiver" which the beneficiary may apply. Where, as here, the right of the insured has expired because he failed to apply for a waiver within the time specified, the right of the beneficiary expired also, unless the insured's failure was due to circumstances beyond the insured's control. It is held that:

"While the purpose of the 1946 Insurance Act was to liberalize the former Act, it was not intended to give the beneficiary greater rights than the insured had with respect to the waiver of premiums. The intention was merely to give the beneficiary more time within which to assert the rights which the insured had. Under the statute, the right of waiver is not self-executing upon the occurrence of disability, but operates only after application therefor is granted." Scott v. United States, 5 Cir., 1951, 189 F.2d 863, 864, certiorari denied 342 U.S. 878, 72 S.Ct. 169, 96 L.Ed. 660.

Other decisions of this Circuit illustrating the doctrine announced in the Scott case are Aylor v. United States, 5 Cir., 1952, 194 F.2d 968; Huckaby v. United States, 5 Cir., 1952, 196 F.2d 307; and Linton v. United States, 5 Cir., 1955, 227 F.2d 254. The beneficiary of the Sinor policy had no right to apply for or be granted a waiver of premiums due to the disability of the insured unless the insured was prevented from making an application by reason of circumstances beyond his control.

The Government contended in the district court and here contends that it was not shown that there were circumstances beyond the control of the insured which prevented him from applying for a premium waiver. The district court said in its findings that this contention was unsupported by proof. The district court held that the total disability as determined by the Veterans Administration for compensation purposes was not different from the "total disability" required to support a waiver of premiums. The contrary conclusion was reached in the Eastern District of New York where the theory was urged that a disability rating of 100% for compensation purposes was the equivalent of a finding of total disability for waiver of insurance premiums. Of this doctrine the court said:

> "That position is untenable since the two departments in the Veterans Administration are entirely separate and distinct and do not involve common motivation or function." Guihan v. United States, D.C.E.D. N.Y.1953, 110 F.Supp. 738, 739.

We are not called upon to adopt or reject the quoted principle. Under our view of the case the question is not reached. We do, however, find it necessary to determine whether the compensation disability rating proves or is evidence tending to prove that the insured failed "to make timely application for waiver of premiums" by reason of "circumstances beyond his control". The disability ratings for purposes of compensation are based upon impairment of earning capacity. 38 U.S.C.A. §§ 700 et seq.; 38 U.S.C.A. Ch. 12A, following section 745, Vet.Reg. No. 3(A)(1). The impairment of earning capacity might result from the same cause as would create conditions beyond the control of an insured veteran and relieve him from the necessity of making an application for a waiver of premium, but this would not necessarily be true and there would be no presumption of law or inference of fact arising by reason of the compensation rating which would establish or tend to prove that a condition beyond control existed.

Thus we are brought to a consideration of whether the record discloses facts from which it might be determined that the failure of the insured to apply for a premium waiver was due to circumstances beyond his control. It was stipulated that the insured made frequent visits to his father and brother and frequent trips to veterans' hospitals for treatments and check-ups. It was stipulated that he was unable to perform manual labor but was able to get around, owned an automobile and drove it unattended, and that neighbors would testify he appeared normal and rational in his conversation and actions. The district court found that he appeared to be normal in action and rational in thought and conversation. The district court, seemingly, believed that the burden rested upon the government to establish the absence of any circumstance beyond the insured's control. The burden, however, rests upon the claimant to show the existence of such circumstance. Horton v. United States, 5 Cir., 1953, 207 F.2d 91, certiorari denied 346 U.S. 903, 74 S.Ct. 233, 98 L.Ed. 403.

In Aylor v. United States, supra, there was a factual situation stronger for the claimant than in this case before us. This court's résumé as to the evidence before it and its decision upon it were thus stated:

> "The appellant's evidence on this question consisted of testimony by the doctor who examined the insured on two occasions after the latter was discharged from military service; a former employer of the insured; the appellant, who is the insured's mother; and the wives of the insured's two brothers. The doctor testified that he had diagnosed the insured's ailment as chronic glomerular nephritis, a disease which totally disabled the insured, and which affected his mental condition to the extent that he could not think clearly and had an indifferent or disinterested attitude toward

living, but that he was not irrational at the time of the examination, though persons suffering from such disease would become irrational in the later stages of the disease. The other witnesses testified to the effect that the insured took very little interest in life, was always drowsy and tired, did not appear to comprehend the seriousness of his condition, and was generally indifferent to everything, a condition that was contrary to his premilitary personality. There was evidence that the insured had written letters to his mother during the period between his discharge and his death.

"In considering all of the evidence on the question, and taking the most liberal view of it, we fail to see that there was sufficient evidence to take to the jury the question of whether the insured was mentally incapable of making an application for waiver of his insurance premiums. See Wise v. United States, 5 Cir., 63 F.2d 307. The facts as to the mental condition of the insured are somewhat similar to those in the case of Jensen v. United States, D.C., 94 F.Supp. 468, though it appears that there was considerably more evidence of mental instability of the insured in that case. While the court in the Jensen case seemingly construed the clause 'circumstances beyond his control' to include a condition of health that leaves the patient morose, unsocial, indifferent, and depressed in spirit, it apparently had some evidence of the insured's mental incompetency before it. We think that, in order for an insured person to claim a condition of health as 'circumstances beyond his control,' it must be shown that he was mentally incapable of making an application for waiver." Aylor v. United States, 5 Cir., 1952, 194 F.2d 968, 969.

■ In a more recent case this court has applied the rule that where health is claimed as a circumstance beyond the control of the insured it must be shown that he was mentally incapable of making the application for the premium waiver. Horton v. United States, supra. The facts do not show that the insured, Clyde Sinor, had a total disability which relieved him from his "failure to make timely application for waiver of premiums".

■■ The beneficiary urges that the only purpose of the application for a premium waiver is to put the Veterans Administration on notice that the insured is totally disabled, and that no such notice is required where the Veterans Administration had found that there was total disability. That the purpose of the requirement is as contended may not be conceded and is not by us decided. Even if the finding of total disability for compensation would establish total disability for premium waiver, and we think it would not, it does not follow that such a finding would be notice of the disability so as to dispense with an application for the waiver. The activities of the Veterans Administration are of vast magnitude. Efficient administration requires a separation of the activities of its compensation service from its insurance service. It has been held that:

"The service of the Veterans' Administration handling insurance matters is distinct from the services governing hospitalization and vocational rehabilitation and knowledge of what is contained in the files of the latter is not imputable to the insurance service which passes upon application for reinstatement." United States v. Cooper, 6 Cir., 1953, 200 F.2d 954, 956.

The foregoing rule was followed and applied to a case where, as here, knowledge of the compensation service was relied upon as notice to the insurance service. United States v. Kiefer, 1955, 97 U.S.App.D.C. 101, 228 F.2d 448, certiorari denied 350 U.S. 933, 76 S.Ct. 305, 100 L.Ed. 815, rehearing denied 350 U.S. 977, 76 S.Ct. 431, 100 L.Ed. 847. The point is without merit.

The judgment must be reversed. In appellee's brief we are told that the stipulation, prepared by Government counsel, was signed by appellee's counsel "with the idea in mind" that the cause would be expedited. Much of factual matter is set forth in the brief which is not set forth in the pleadings and is not consistent with the stipulation of facts. In the brief it is said that appellee's counsel were surprised that the Government should claim "a forfeiture". Yet the complaint alleges that the Veterans Administration had denied liability because of a lapse of the policy for nonpayment of premiums, and further alleges that there was a waiver of premiums by reason of the insured's disability. This latter allegation was denied. The issues were fully presented by the pleadings. If, in his confidence that the finding that the 100% compensation disability rating was all that need be shown to establish a waiver of premiums, the appellee stipulated to facts that were untrue or refrained from making proof of other facts which were not before the district court and are before us only by the statements of counsel, we can only say that we must decide the case on the record before us. We cannot, on appeal, give credence to factual recitals which might have been but were not presented to the trial court. The appellee, in his brief, notes that the record contains both a stipulation of facts and an amendment thereto, and that in the original stipulation it was recited "that the insured never executed an application for waiver of premiums because of his 100 per cent disability". This language was omitted from the amended paragraph which was substituted for that in which it was contained. We only assume that the recital was included by error and deleted by agreement. The only case to which we are referred by

the appellee to support his request for a trial, which was not sought from the district court, is Sly v. United States, 7 Cir., 1955, 220 F.2d 212. In the Sly case the court directed a verdict for the Government and against the plaintiff beneficiary on the ground, apparently, that the plaintiff had failed to prove its case. A motion to set aside the verdict and judgment and a motion for new trial were made. On a different ground, one of estoppel arising out of facts established by the evidence, the district court denied the motions. On appeal a new trial, sought in the lower court, was ordered so that the case might go to the jury. The Sly case does not provide nor do we find elsewhere any precedent permitting the remanding of the cause for a new trial. Having stipulated as to the facts in the district court the appellee cannot repudiate that stipulation on appeal. See United States v. Wurtsbaugh, 5 Cir., 1944, 140 F.2d 534. A question which was neither pleaded nor presented to the trial court cannot be considered on appeal. Beechwood Lumber Co. v. Tobin, 5 Cir., 1952, 199 F.2d 878; City of Orange v. Fidelity & Deposit Co., 5 Cir., 1950, 180 F.2d 369; Bowles v. Strickland, 5 Cir., 1945, 151 F.2d 419. Therefore the judgment for the appellee is reversed and judgment is here rendered for the appellant United States.

Reversed and rendered.

RIVES, Circuit Judge (dissenting).

By its pleadings,[1] the Government assumed the burden of proving that the Veterans Administration had determined that the insured "was not prevented from filing timely application for waiver due to circumstances beyond his control." The district court quoted that averment and noted that it is "unsupported by the proof here." Under such

---

1. Paragraph II of its answer reads:
   "Answering Paragraph 2 of the amended complaint, defendant denies each and every allegation of said Paragraph 2 and demands strict proof thereof, and for further answer to said paragraph avers that the Veterans Administration has

not determined that Clyde Sinor was totally disabled for insurance purposes and *has determined he was not prevented from filing timely application for waiver due to circumstances beyond his control.*" (Emphasis supplied.)

278

pleadings, I think that the district court was correct in holding that the burden rested upon the Government to establish the absence of any circumstances beyond the insured's control. Certainly, that theory was implicit in the Government's answer (footnote 1, supra), and if the plaintiffs tried their case on that theory, and the district court rendered judgment relying thereon, the Government should not now be heard to complain.

The majority, however, approves the earlier holding of this Circuit that, "* * * in order for an insured person to claim a condition of health as 'circumstances beyond his control,' it must be shown that he was mentally incapable of making an application for waiver." Aylor v. United States, 5 Cir., 1952, 194 F.2d 968, 970, followed in Horton v. United States, 5 Cir., 207 F.2d 91, 94. In that holding the Fifth Circuit stands alone, and is opposed by at least five other circuits. Landsman v. United States, 92 U.S.App.D.C. 276, 205 F.2d 18, 21, 22; United States v. Myers, 8 Cir., 213 F.2d 223, 225, 226; Sly v. United States, 7 Cir., 220 F.2d 212, 216, 217; Kershner v. United States, 9 Cir., 215 F.2d 737, 739, 740; United States v. Vandver, 6 Cir., 232 F.2d 398, 401, 402; see also, Alvarez v. United States, D.C.E.D.Pa., 133 F.Supp. 609, 612.

In United States v. Vandver, supra [232 F.2d 402], the Sixth Circuit points out that:

"The humanitarian purpose of the statute here controlling points to a liberal interpretation in aid of the veteran. United States v. Zazove, 334 U.S. 602, 68 S.Ct. 1284, 92 L.Ed. 1601; Thomas v. United States, 6 Cir., 189 F.2d 494; Landsman v. United States, 92 U.S.App.D.C. 276, 205 F.2d 18."

Kershner v. United States, supra [215 F.2d 739], is directly in point, for in that case an insured suffering from chronic myelogenous leukemia, the same disease which afflicted Clyde Sinor, was held so excusable due to "circumstances beyond his control."

The least consideration, it seems to me, which a grateful Government should accord the beneficiaries of this insured veteran is another opportunity to prove their case when re-tried upon a different theory. That would be in accord with our consistent practice to remand for re-trial instead of rendering judgment when by a remand the interests of justice can best be served. Pilot Life Insurance Co. v. Boone, 5 Cir., 236 F.2d 457; Gulf Oil Corporation v. Wright, 5 Cir., 236 F.2d 46, 48; M. M. Landy, Inc., v. Nicholas, 5 Cir., 221 F.2d 923, 932; Associates Discount Corp. v. United States, 5 Cir., 200 F.2d 537, 538; City of Fort Worth, Texas v. United States, 5 Cir., 188 F.2d 217, 223.

I, therefore, respectfully dissent.

Rehearing denied: RIVES, Circuit Judge, dissenting.

