**Mary Donleavy FERGUSON**

v.

**UNITED STATES of America.**

**Civ. A. No. 5559.**

United States District Court,
E. D. Virginia,
Richmond Division.

Feb. 5, 1970.

The Court finds that the named insured, Francis Xavier Ferguson, died October 15, 1964, of chronic hepatitis at Worcester, Massachusetts. Among the survivors were Mary D. Ferguson, his wife, the mother and next friend of the instant plaintiffs, from whom he had been separated for approximately five years prior to his death, and three minor children born of their marriage.

While in the active military service, the insured was issued ten thousand dollars ($10,000) of National Service Life Insurance which was in force as ordinary life insurance under Policy Number V 405 31 57, effective July 1, 1948. In converting his life insurance to an ordinary life plan in 1948, he named his wife, the plaintiff, sole beneficiary of the insurance. On August 4, 1950, he filed a new designation continuing the plaintiff as principal, but adding a first and second contingent beneficiary, respectively his son, Francis Jr., and his brother, Thomas F. Ferguson. On December 2, 1957, he revoked this designation and named his sons Francis Jr. (born January 8, 1950) and James M. (born January 28, 1951) as joint principal beneficiaries with the right of survivorship.

Although on several occasions the insured allowed such insurance to lapse and then had it reinstated, his insurance was not in force at the time of his death, October 15, 1964. It had lapsed for nonpayment of the premium due January 1, 1961. On the latter date there was due principal and interest on an outstanding insurance loan in the total amount of one thousand three hundred and fifty-eight dollars and sixty cents ($1,358.60) which reduced the face amount of the policy to eight thousand, six hundred and forty-one dollars and forty cents ($8,641.40). The cash reserve on the date of lapse was sufficient to purchase extended insurance in such reduced amount until April 19, 1963, when all protection ended.

On June 2, 1965, Mrs. Ferguson filed a claim for premium waiver wherein she

Joseph S. Bambacus, Matthew N. Ott, III, Richmond, Va., for plaintiff.

Michael Morchower, Asst. U. S. Atty., Richmond, Va., for defendant.

## MEMORANDUM

MERHIGE, District Judge.

Francis X. Ferguson, Jr. and James M. Ferguson, infants under the age of twenty-one (21) years, instituted suit by Mary Donleavy Ferguson, their mother and next friend, in the amount of ten thousand ($10,000.00) dollars, seeking proceeds under a National Service Life Insurance Policy. Jurisdiction of this Court is founded on 38 U.S.C. § 784.

alleged that the insurance should be put in force under a waiver of premiums as the insured had become totally disabled in February 1959. This claim was denied by the Veterans' Administration Insurance Service on February 18, 1966. The case was then reviewed by the Board of Veteran Appeals, and denied on October 18, 1967. Having exhausted administrative remedies, Mrs. Ferguson filed this action in District Court claiming on behalf of her sons the proceeds of the policy on the grounds that the named insured was permanently and totally disabled prior to and on January 1, 1961, permitting a waiver of premiums on the said National Service Life Insurance Policy. In addition, Mrs. Ferguson stated the insured failed to file a claim for waiver of premiums subsequent to January 1, 1961, because of circumstances beyond his control.

The plaintiff testified at trial that she had domestic problems with the insured which revolved around his drinking. This led to a legal divorce on grounds of constructive desertion and cruel and inhuman conduct on April 21, 1957. Significantly, Mrs. Ferguson had limited contact with the insured after the divorce. A noted physician testified as an expert regarding alcoholism. Dr. Joseph Byrne, who did not treat the insured, stated that alcoholism as a disease tends to deteriorate the user's personality and capabilities. The user become unreliable, distrustful, and irresponsible, according to Dr. Byrne. In his opinion, the insured was a chronic alcoholic at the time of his death. A relative of the insured testified that the late Mr. Ferguson consumed alcohol excessively. This witness saw the deceased two or three times a year from 1958 through 1962.

■ The provisions of law and regulation pertinent to waiver of premiums for National Service Life Insurance are in 38 U.S.C. § 712 and 38 C.F.R. § 8.40–43, respectively. The retroactive effect of a waiver of premiums is limited by 38 U.S.C. § 712(b) to those premiums becoming due in the twelve month period immediately preceding the date the application for waiver is received at the Veterans' Administration unless the failure to file such an application is due to circumstances beyond the insured's control. The present record is devoid of evidence to support the assertion that circumstances beyond his control prevented the insured from filing a timely application. When a condition of health is relied upon as the circumstance preventing a timely application for premium waiver, courts have consistently enunciated the principle that proof is required to show the insured was mentally incapable of doing so. Horton v. United States, 207 F.2d 91 (5th Cir. 1953), cert. denied 346 U.S. 903, 74 S.Ct. 233, 98 L.Ed. 403; United States v. Sinor, 238 F.2d 271 (5th Cir. 1956), cert. denied 353 U.S. 985, 77 S.Ct. 1287, 1 L.Ed.2d 1144; McIntosh v. United States, 114 F.Supp. 241 (E.D.Ky.1953). From the insured's Veterans' Administration file, Government Exhibit II, it is shown that attending physicians reported that Mr. Ferguson was not suffering from a mental disability of a permanent nature. At this point specific reference is made to the statement of Dr. Carron, who found the insured fully responsible for his actions from August 1963 through March 1964. In addition, reference is made to the statement of the Deputy Superintendent of Schools for the City of Worcester, Massachusetts, who reported that during his employment the insured did not show any signs of nervous or physical disabilities. Furthermore, it is noted that the insured, during his lifetime, filed claim for service connection and outpatient dental treatments in 1961. He asked for a hearing on his service connection claim in 1963. In July 1964, he filed a claim for non-service connected disability benefits. There is no evidence that the insured was treated for a mental condition at any time during the period after the lapse of his insurance.

■ As was pointed out in Aylor v. United States, 194 F.2d 968 (5th Cir.

1952), in order for an insured person to claim a condition of health as a circumstance beyond his control, it must be shown, and the burden is on the plaintiff to show, that the insured was mentally incapable of making an application for waiver. No such showing was made here. While the insured may have had periods of disorientation from the acute effects of alcohol, this court does not find the insured was mentally incompetent.

 It is appropriate to point out certain matters of significance in connection with the question as to whether the insured was totally disabled for insurance purposes prior to the expiration of his insurance protection at midnight, April 19, 1963. Of course, the burden of proof with respect to that issue rests upon the plaintiff. United States v. Sinor, *supra*. During 1961, the insured worked for at least three employers on an intermittent basis. Except for the statement of Dr. O'Meara, showing complaints with respect to the insured's right knee, there is nothing in the medical records to indicate that the insured was suffering during 1961 from a mental or physical disability so severe as to prevent him from engaging in any gainful occupation. Intermittent employment was reported during 1962 and 1963. In this connection, it is noted that the insured worked from July 12 until October 22, 1963, for the Worcester public schools. Thereafter, due to an injury, the insured was unable to work until his death. The definition of total disability for National Service Life Insurance purposes is set forth at 38 C. F.R. § 8.43 and includes "any impairment of mind or body which continuously renders it impossible for the insured to fill any substantially gainful occupation." In the situation at hand, the plaintiff has failed to show that the insured was unable to make a fair and decent living for himself in regular competition with others without injury to his health. United States v. Cornell, 63 F. 2d 180 (8th Cir. 1933). Accordingly, judgment will be entered for the defendant.